IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BISHOP FRANK E. LOTT-
JOHNSON,

                    Plaintiff,

   v.                                         1:11-cv-2205-WSD

STUDIO 620, SAMUEL FRENCH,
INC., and TOM STOLZ,

                      Defendants.

**OPINION AND ORDER**

This matter is before the Court on the mandatory review of Plaintiff Bishop Frank E. Lott-Johnson's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e) and on Plaintiff's Motion for a Preliminary or Permanent Injunction [4].

**I.    BACKGROUND**

This is an action to enforce Plaintiff's claimed exclusive copyright for the book Just Halia Baby, sometimes called Just Mahalia Baby (the "Protected Work"), a biography about gospel singer Mahalia Jackson. (Compl. 9, 15). Plaintiff claims that under his copyright he is the "sole owner of Ms. Jackson [sic] name," and all the "plots, setting, and characters" that appear in the Protected Work. (Id. at 9-11).

Defendant Tom Stolz is the author of a play called "Mahalia: A Gospel Musical" (the "Musical"), which is licensed to others by Defendant Samuel French, Inc. (collectively, "Defendants"). (Compl. 1). Plaintiff claims that the Musical violates his copyright because it uses "plot setting[s] out of the autobiography, characters, [and] settings without permission from the plaintiff," and that Defendants continue to violate his rights by using Mahalia Jackson's name without Plaintiff's permission. (Id. at 10). Plaintiff also asserts claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under Georgia's Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370 to -375.

## II.  DISCUSSION

### A.  Legal Standard Under 28 U.S.C. § 1915(e)

A court must dismiss cases filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Although overlap exists between frivolous claims and claims that fail to state a claim on which relief can be granted, "the considerable common ground between these standards does not mean that one invariably encompasses the other." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.

Review for frivolousness under § 1915(e)(2)(B)(i), on the other hand, addresses the concern that litigants filing complaints *in forma pauperis* may file baseless lawsuits that the costs of bringing suit and the threat of sanctions ordinarily discourage.  See Neitzke, 490 U.S. at 327.  For this reason, frivolousness review "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless.'"  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327).

   B.   Plaintiff's Copyright Claims

To state a claim for copyright infringement, Plaintiff must show: (1) that he owns a valid copyright; and (2) that there was unauthorized copying of protected elements of the work.  Peter Letterse & Assocs., Inc. v. World Inst. Of Scientology Enters., Int'l, 533 F.3d 1287, 1300 (11th Cir. 2008).  In support of the first prong, Plaintiff alleges that he has a copyright in the Protected Work based on copyright registration number V3406D396.  That copyright registration, however, is not associated with the book Just Mahalia, Baby, which was written by Laurraine Goreau and has a copyright that is registered to another individual who is not involved in this case.  See Copyright Registration Number RE894566 (Registered Mar. 26, 1975; Renewed Sept. 17, 2003).[1]  Plaintiff's copyright registration points to an assignment of copyright interests in 65 titles.  Two of those titles are "Just

---

[1] For the limited purpose of assessing the factual basis of Plaintiff's claims under 28 U.S.C. § 1915(e), the Court takes judicial notice of the copyright registration information viewable through the United State's Copyright Office's online Public Catalog.  See Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (citing Duluth News-Tribune v. Mesabi Publ'g Co., 84 F.3d 1093, 1096 n.2 (8th Cir. 1996)) (holding that courts may take judicial notice of copyright registrations).

Halia Baby" and "Just Mahalia Baby," but the registration does not reference any underlying copyright ownership of those two titles.

This creates two problems. First, because the Complaint is unclear about which copyrighted work Defendants allegedly infringed, it fails to put Defendants on notice of the claims against them and it fails to provide the Court with sufficient detail to perform the required review under Section 1915(e). Second, the lack of clarity and the conflict with the public copyright registration records cast doubt on the factual basis for Plaintiff's claim of copyright ownership, and suggests the possibility that Plaintiff's "'factual contentions are clearly baseless.'" Miller, 541 F.3d at 1100 (quoting Neitzke, 490 U.S. at 327). For these reasons, Plaintiff is required to file a supplemental amendment to his Complaint, with the form and content of Exhibit A to this Order, which must indicate the exact protected work in which he claims a copyright interest and the factual basis for Plaintiff's copyright claim to that work, including the factual basis that the entity that assigned the rights to him held a valid copyright.

If Plaintiff establishes that he owns a valid copyright, he must further establish that there was unauthorized copying of protected elements of the work. Peter Letterse & Assocs., 533 F.3d at 1300. This requires Plaintiff to show that, as a factual matter, the defendants copied portions of the protected work and, if so,

that the copied portions were "protected expression." Id. "Copyright protects original *expression* only; it does not extend to any underlying ideas, procedures, processes, and systems," or to "'incidents, characters, or settings that are indispensible or standard in the treatment of a given topic.'" Id. (quoting Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1248 (11th Cir. 1999)). Facts that are "biographical . . . may not be copyrighted and are part of the public domain available to every person." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991); see also Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 580 n.1 (1985) ("No author may copyright his ideas or the facts he narrates."); Downing v. Abercrombie & Fitch, 265 F.3d 994, 1004 ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102.").

    The Complaint indicates that Plaintiff's claims are based on his belief that he has an exclusive copyright in Mahalia Jackson's name and life story, including the related plot, settings, and characters from her life. This belief is incorrect as a matter of law, and cannot provide the basis for a claim upon which relief can be granted. If this is the basis for Plaintiff's copyright claim it must be dismissed as frivolous.

Plaintiff appears to further allege that Defendants have misappropriated specific words and language from his protected work. He references Harper & Row Publishers, 471 U.S. at 548-49, where the Supreme Court held that "lifting verbatim quotes of the author's original language totaling between 300 and 400 words" constituted copyright infringement and "was not a fair use within the meaning of the Copyright Act." Plaintiff argues that Defendants used protected expression like "characters, images and songs that are copyrightable and the most important parts of the book, over 612 pages of plaintiff [sic] copyright materials." (Compl. 13).

This argument has several shortcomings. First, it appears to restate Plaintiff's original failed claim that he owns Mahalia Jackson's name and life story, by taking facts such as biographical details that are not subject to copyright and labeling them in a conclusory manner as original expression. Second, the factual allegation that a musical could lift verbatim quotes from 612 pages of Plaintiff's Protected Work is highly implausible. Finally, the Complaint fails to allege which portions of the Protected Work that Defendants allegedly copied verbatim or near-verbatim. The Complaint thus fails to provide Defendants with notice as to which specific protected expressions they are alleged to have infringed, and which specific portions of the Musical allegedly infringe the Protected Work.

The Court similarly cannot perform the mandatory review for frivolousness on the basis of the pleading as it now exists.

Plaintiff will therefore be required to submit a supplemental amendment to his Complaint indicating which portions of the Protected Work he alleges were infringed, and which portions of the Musical allegedly constitute verbatim or near-verbatim appropriation of Plaintiff's protected expression.  This amendment shall be in the form attached to this Order as Exhibit B.  A separate amendment shall be prepared for each work that Plaintiff alleges infringes his copyright, and these amendments shall be attached as exhibits to the Amendment to Complaint described in Exhibit A.  Plaintiff also shall provide to the Court a copy of the work he contends is protected by the copyright he claims is at issue in this action and shall provide a copy of the alleged infringing work.

    C.    <u>Plaintiff's Lanham Act and Georgia Deceptive Trade Practices Claims</u>

Plaintiff claims that Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which creates a federal cause of action for unfair competition by prohibiting the use in interstate commerce of any "false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same."  15 U.S.C. § 1125(a).  To prevail on Section 43(a) claim, Plaintiff has the burden of showing: (1) that he had trademark

rights in the mark or name at issue and (2) that a defendant adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997).

Plaintiff's claims for violations of Section 43(a) are frivolous because his Complaint does not state that Plaintiff has a trademark for Mahalia Jackson's name. Plaintiff only alleges that he has certain copyrights related to Just Halia Baby. Even if Plaintiff could show such a mark, the United States Supreme Court has explained on repeated occasions that all facts, including those that are historical and biographical in nature, are part of the public domain available freely to every person. Feist Publ'ns, Inc., 499 U.S. at 348 ("all facts—scientific, historical, biographical, and news of the day[—]are part of the public domain available to every person.").[2]

Plaintiff's claims under Georgia's Deceptive Trade Practices Act are frivolous for the same reasons as his Lanham Act claims. See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1239 (11th Cir. 2007) ("the same analysis that governs a trademark infringement also applies to claims

---

[2] In Thoroughbred Legends, LLC, v. The Walt Disney Co., 2008 WL 616253 (Feb. 12, 2008 N.D. Ga.), the Court stated, "[f]acts are not entitled to intellectual property protection. Plaintiffs cannot evade this fundamental principle articulated in many copyright cases through the back door of trademarks."

9

brought under 15 U.S.C. § 1125(a) and O.C.G.A. § 10-1-372(a)"); Kason Indus., Inc. v. Component Hardware Group, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997) ("It should be apparent that § 43(a) of the Lanham Act and § 10-1-372(a)(2) of the [Deceptive Trade Practices Act] provide analogous causes of action governed by the same standard.").[3]  Plaintiff's Lanham Act claims and Georgia Deceptive Trade Practices Act claims fail to state a claim on which relief can be granted, and are therefore dismissed as frivolous.

D. Plaintiff's Motion For A Preliminary Or Permanent Injunction

To be eligible for preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, a movant must show: (1) a substantial likelihood of prevailing on the merits; (2) that Plaintiff will suffer irreparable injury if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the opposing party; and (4) that if granted, the injunction would not be adverse to the public interest.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  Because Plaintiff's claims may be frivolous and are at least now too vague to permit the Court to review them for frivolousness,

---

[3] Defendants are also entitled to dismissal of Plaintiff's Deceptive Trade Practices cause of action because Plaintiff has failed to allege any of the required elements of this cause of action.

Plaintiff has not met his burden of showing that he has a substantial likelihood of prevailing on the merits.  Plaintiff's motion for temporary injunction is therefore denied.

To be eligible for a permanent injunction, a party must show: (1) success in establishing the violation of the right asserted in the complaint; (2) that there is no adequate remedy at law for the violation of that right; (3) that irreparable harm will result if the court does not order injunctive relief; and (4) that the injunction, if issued, would not be adverse to the public interest.  Thomas v. Bryant, 614 F.3d 1288, 1317 (11th Cir. 2010).  Plaintiff has not shown that he "has prevailed in establishing the violation of the right asserted in his complaint."  Id.  His motion for a permanent injunction is therefore denied.

    E.    Claims Against Studio 620

It appears that Defendant Studio 620 is inadvertently named in the caption of the Complaint.  The Complaint states no claims against Studio 620, and Studio 620 has already been dismissed from an identical case filed by Plaintiff that remains pending in this Court.  See Lott v. Studio 620 et al., No. 1:09-cv-3312 (N.D. Ga).  To the extent the Complaint asserts claims Studio 620, they are dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Preliminary or Permanent Injunction [4] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Studio 620 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under Section 43(a) of the Lanham Act and the Georgia Deceptive Trade Practices Act are **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further **ORDERED**, on or before September 2, 2011, to file a separate pleading titled "Amendment to Complaint," with attached "Exhibits to Amendment to Complaint," in the form and with the content described by Exhibits A and B to this Order, so the Court can review Plaintiff's copyright claims pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff deliver to the Court, on or before September 2, 2011, a copy of <u>Just Halia Baby</u> and of each work Plaintiff contends in this action contains infringing material and for which an Amendment to the Complaint is filed.

**SO ORDERED** this 8th day of August, 2011.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

(Case Caption)

## AMENDMENT TO COMPLAINT

1. Name of Copyright Work: (Exact and complete title of Protected Work for which Plaintiff claims copyright ownership)

2. Author: (Author of Protected Work)

3. Publisher: (Original Publisher)

4. Date of Publication: (Original Publication Date)

5. Factual Basis for Copyright Claim:

>(This section shall include the factual basis for Plaintiff's claim that he has a valid copyright for the Protected Work that he identifies in this amendment.

>If Plaintiff claims a copyright interest in pictures and song lyrics contained in the Protected Work, he shall describe the basis for his claim that he has a valid copyright claim to those items.

>If Plaintiff claims he was assigned these rights by a contract, he shall state the factual basis for his belief that the entity that assigned the rights to him held a valid copyright, including any underlying copyright registration numbers and attach a copy of any writing he contends constitutes or contains the assignment.)

## EXHIBIT A

(Case Caption)

## EXHIBIT (1, 2, 3 . . .) TO AMENDMENT TO PLEADING*

(Name of Alleged Infringing Work)

| **Claimed Copyrighted Material** (Title, e.g., Just Halia Baby) | **Claimed Infringing Material** (Title, e.g., "Mahalia: A Gospel Musical") |
|---|---|
| 1. Page __, line(s) __ to __: (Quote material verbatim)<br>2. . . .<br>3. . . . | Page __, line(s) __ to __: (Quote material verbatim) |

*A separate Exhibit should be prepared for each work Plaintiff claims contains infringing material.

## EXHIBIT B